UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO. 1:91-cr-037 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL GLEN JACKSON ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

This matter came before the Court regarding the imposition of Defendant Michael Jackson's sentence. Upon review of the case file, including the sentencing memoranda of both the Government and Jackson, this Court concludes that it appears that the Court has no choice but to implement the 60-month sentence imposed by Judge Economus.

### **I. Facts**

On June 29, 1992, Jackson was sentenced to 180 months imprisonment for unlawful receipt of a firearm by a convicted felon, a Class A Felony. He was further sentenced to four years of supervised release, which commenced on July 8, 2005.

On July 2, 2009, Jackson's probation officer submitted a violation report, alleging that Jackson violated the terms of his supervised release in that on July 11, 2008, he was arrested by the Lorain County Police Department in Lorain, Ohio and charged with two counts of trafficking in drugs, possession of drugs, possession of criminal tools and drug paraphernalia. On March 25, 2010, Jackson's probation officer submitted a superseding violation report, to add that along with the July 11, 2008 arrest, Jackson also entered into an agreement with the Lorain County Sherriff's Office to act as a confidential informant without the permission of the Court. Until this time, Jackson appeared to have been in compliance with the terms of his supervised release.

A revocation hearing was held on June 21, 2010 at which Jackson admitted the second violation, acting as a confidential informant without permission.  Jackson did not admit to the first violation, as the charges were still pending in the Lorain County Court of Common Pleas.  Judge Economus held a supervised release violation hearing on October 6, 2010 at which Jackson admitted the first violation.  On October 7, 2010, Judge Economus issued a sentencing order in which he determined that Jackson violated the terms of his supervised release.  Because the first violation involved drug possession, Judge Economus noted that he was required to sentence Jackson to serve a term of imprisonment.  He further explained that after considering the maximum sentence of five years, as well as the advisory policy statements and the sentencing factors listed in 18 U.S.C. §3553(a) and §3583(d), he adopted the Magistrate Judge's Report and Recommendation, and ordered Jackson's supervised release revoked, and committed Jackson to a term of 60-months imprisonment.  He further held the sentence "in abeyance until April 6, 2011, at 10:30 a.m., when the Court will determine whether or not to implement the sentence imposed.  Additionally, the Defendant's supervised release is hereby modified to include as a condition home confinement with GPS monitoring for a period of six months while the sentence is held in abeyance."

## II. Procedural History Since Judge Economus' Sentencing

On October 22, 2010, this case was transferred, post-sentence, to the undersigned due to the retirement of Judge Economus.  On November 10, 2010, pursuant to a petition submitted by the Probation Department for violation of supervised release and subsequent order of Judge Economus, this Court conducted a Status Hearing.  At issue was the fact that Jackson's supervised release was revoked and his sentence was held in abeyance.  According to Judge Economus' order, Jackson was to be placed on home confinement for a period of six months

with GPS monitoring. At the time of the Status Hearing, this monitoring had not commenced. Therefore, this Court ordered Jackson to be monitored. At that hearing, the Court ordered counsel for the parties to present the Court with written briefs regarding the Court's authority to re-sentence or modify Jackson's sentence. On November 24, 2010. the parties filed their sentencing briefs. Accordingly, the Court must review the record as prepared by Judge Economus and determine what, if any, authority the Court has to sentence Jackson to anything less than the 60 months originally imposed by Judge Economus.

### III. The Supervised Release Violation Hearing Before Judge Economus

As Jackson argues to this Court that it must impose the sentence as Judge Economus intended, the Court thus starts its review of this case with the transcript of the supervised release violation hearing held before Judge Economus on October 6, 2010, upon which Jackson contends Judge Economus' intentions are apparent. The transcript of this hearing reveals a very informal procedure at best. In this Court's review, "the sentencing proceedings lacked the dignity important to maintaining the authority of the district courts and our criminal-justice process." *U.S. v. Penson*, 526 F.3d 331, FN3 (C.A. 6, 2008). For instance, despite the nature of the violation at hand, and the gravity of the potential sentence, Judge Economus referred to his mood as "loose" and told Jackson's counsel that she could "be as loose as you want after that last sentencing." He further stated that he was in a "flippant" mood. Judge Economus also made a passing remark that that day was his last day on the bench.

With regard to the length of a potential sentence, the parties did not object when Judge Economus stated that the guideline range was 51 to 60 months. Jackson's counsel requested that Judge Economus consider house arrest, while the Government recommended incarceration. The Government did not request the maximum prison sentence, but instead argued for 8 months of

3

incarceration.  Judge Economus stated, while discussing the available sentencing options, that he had "an idea.  It is something I have done in the past.  It seems to be effective.  I am going to impose a maximum sentence of 60 months, but stay the execution of the sentence and reset the matter.  Don't make me come back for another hearing, because I'm gone after tomorrow."  Judge Economus explained that he intended to "hold [the sentence] over Mr. Jackson's head.  And if you do anything, Mr. Jackson, between now and six months from now, we will set another date, you are going right to prison.  There will be no more mercy from this court."  Further, he explained to Jackson that "if you are a law-abiding citizen over this period, I will consider vacating that sentence."  It is imperative to note that, despite Jackson's contentions to the contrary, there was no guarantee that even if Jackson complied with Judge Economus' order, that Judge Economus would have vacated the sentence.

### IV. Analysis

The Court first recognizes, as both the Government and Jackson point out, that the Court could only modify Jackson's sentence in accordance with 18 U.S.C. § 3582(b) and (c).  The parties further agree that none of these provisions fit the instant facts.  Thus, the only remaining mechanism to allow this Court to modify the sentence would be pursuant to 28 U.S.C. §2255.  At this time, Jackson has not pursued this remedy.

Judge Economus did not cite, nor does this Court's research reveal any basis in law to hold Jackson's sentence in abeyance.  Further, the Court notes that even after ordering the parties to provide the Court with a brief on this issue, Jackson does not point to any specific reference that would support this type of sentence.  Jackson instead argues that this Court does not have the authority to modify Judge Economus' sentence.  The Government, on the other hand, while not providing authority supporting Judge Economus' attempt to hold Jackson's sentence in

abeyance, points out yet another glaring error in Judge Economus' guideline calculations. According to Jackson's sentencing entry, Judge Economus determined that the appropriate guideline range was 51-60 months. Again, the parties did not object to this calculation. However, as the Government points out in its brief to this Court, this calculation was based on the erroneous determination that the violation was a Grade A violation. Instead, because Jackson's violation was actually a Grade C violation, and his original criminal history category was a VI, his guideline range was 8 to 14 months. The record supports this contention. Despite this concession by the Government, Jackson has yet to file a petition to vacate his sentence pursuant to 28 U.S.C. §2255.

The undersigned concludes that as an officer of the Court, he cannot modify the sentence contrary to well-established law. However, the Court feels compelled to explain that although Jackson's sentence cannot be modified, the Court recognizes that the sentence may be contrary to law. With its hands thus tied, the Court has no choice but to schedule a sentencing hearing on this issue. Because there is no mechanism to modify the sentence, to which all parties agree, this Court similarly has no discretion to not implement the term of incarceration, which would in and of itself be a modification. In the absence of a § 2255 petition, it appears that this Court is bound to impose the sentence that was imposed by Judge Economus.

## V. Conclusion

The Court determines that it cannot modify the sentence imposed by Judge Economus. A sentencing hearing will be held on March 9, 2011 at 1:30 pm.

IT IS SO ORDERED.

DATED: February 11, 2011  */s/ John R. Adams*_____
Judge John R. Adams
UNITED STATES DISTRICT COURT

5